IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

**SHAWN MICHELLE (STEWART) DILL,**

     Petitioner-Appellee,

Vs.

**JEFFREY ALLEN DILL,**

     Respondent-Appellant.

Hardin General Sessions No.3166
C.A. No. 02A01-9810-GS-00272

**FILED**

**August 2, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

FROM THE HARDIN COUNTY GENERAL SESSIONS COURT
THE HONORABLE MAX SEATON, JUDGE

Ed Neal McDaniel of Savannah
For Appellee

David Comer of Lawrenceburg
For Appellant

*AFFIRMED IN PART, REVERSED IN PART AND REMANDED*

Opinion filed:

                                     **W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     This is a child support case. Respondent/Appellant, Jeffrey Allen Dill (Father), appeals the trial court's order modifying the amount of child support to be paid to Petitioner/Appellee, Shawn Michelle (Stewart) Dill (Mother).

The parties were divorced on October 29, 1992, and Mother was granted exclusive care and custody of the parties' minor child. At this time, Father was ordered to pay Mother $72.00 per week as periodic child support. On August 29, 1996, the trial court modified its previous order with regard to child support and ordered Father to pay Mother as periodic child support, by wage assignment, an amount equal to 21% of his income.

On October 8, 1997, Mother filed a "Contempt Petition" wherein she alleged that Father was in contempt of the trial court's previous order due to his failure to pay child support, that Father is "deliberately underemployed," and that Father should be required to provide medical and dental insurance for the minor child and be required to pay one-half of all expenses not covered by insurance. Father's "Answer" averred that he has faithfully complied with the trial court's order, denied that he is voluntarily underemployed, and agreed to provide insurance for the minor child and to pay one-half of the expenses not covered by such insurance.

On December 11, 1997, a hearing was held, and on April 21, 1998,[1] an order was entered finding that Father was voluntarily underemployed and that his child support obligation should be based on a gross income of $25,000.00 per year. The order set monthly child support at $437.50. The trial court also ordered Father responsible for maintaining medical insurance on the minor child and ordered Father to pay all expenses not covered by such insurance.

On May 21, 1998, Father filed a motion pursuant to Tenn. R. Civ. P. 52.02 and 59.01 requesting the trial court to amend its findings or, in the alternative, to grant him a new hearing. On July 23, 1998, a hearing was held on Father's motion, and, on September 17, 1998, an order was entered denying the motion. This appeal ensued, and Father presents the following issue, as stated in his brief, for our review:

> Was the evidence presented at the hearing in this cause on December 11, 1997, sufficient to support the finding of facts set out in Judge Max Seaton's letter dated February 9, 1998?

Father also raises the issue as to whether he should be required to pay all health expenses of the minor child that are not covered by insurance.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court.

---

[1] The trial court judge submitted his findings and decision to the parties by letter dated February 9, 1998.

Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Father asserts that there was no evidence presented at the hearing in the trial court that he was "deliberately underemployed" as alleged by Mother. He submits that the uncontroverted evidence at the hearing was that he had been forced to seek employment outside of the mobile home manufacturing industry because of a medical problem which made it physically impossible for him to perform his previous type of work and not because of any deliberate, willful, or voluntary action on his part. Father further states that any specific amount of periodic child support should be based on his current income of $6.60 per hour. Finally, Father submits that since both parties agreed that he should be responsible for maintaining medical insurance on the parties' minor child and for Father to pay one-half of all expenses not covered by such insurance, there was no basis for the trial court's finding that Father should pay all health expenses not covered by insurance.

Mother, on the other hand, submits that there was sufficient evidence before the trial court to find that Father was voluntarily underemployed. She further submits that the record is silent as to any proof that Father was medically forced to change employment or that he could not continue to be employed in the management position he held previously.

From the time of the parties' divorce until December of 1996, Father maintained regular employment in the mobile home manufacturing industry although he was employed by several different employers in the Russellville, Alabama area. Father's yearly earnings from 1992 to 1996 have been as follows: $18,651.26 in 1992; $21,949.24 in 1993; $24,353.40 in 1994; $43,123.48 in 1995; and $20,878.79 in 1996. Father's 1995 income is higher because he was employed in a management position.

Father resided in Russellville, Alabama from the time of the parties' divorce until some time after December of 1996 when he moved to Huntsville, Alabama after his current wife obtained employment in Huntsville at a substantially higher wage. Also in December of 1996, Father allegedly began to experience pain in his right elbow which caused him to quit his employment in the mobile home manufacturing industry. In Huntsville, Father obtained employment but at a reduced rate of pay from what he received in the mobile home manufacturing industry. At the time of the hearing on December 11, 1997, Father was employed

3

in the Huntsville area earning approximately $6.60 per hour.

As an exhibit to his motion to amend or for a new hearing, Father attached a letter from a physician concerning his medical problem with his elbow. The letter states that the physician initially saw Father on November 24, 1997, where he diagnosed Father with lateral epicondylitis of his right elbow, or tennis elbow. The physician attributed Father's condition to repetitive use of his arm while installing storm windows. Father was treated at this time with an injection on the lateral side of his elbow. The letter further states that the physician saw Father again on March 17, 1998, where Father's elbow was reinjected and that he had not seen Father since that time.

Child support in Tennessee is statutorily governed by T.C.A. § 36-5-101 (Supp. 1998). Section 36-5-101(e)(1) (Supp. 1998) provides that "[i]n making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection." The guidelines referenced are promulgated by the Department of Human Services in Chapter 1240-2-4 of the Official Compilation of the Rules and Regulations of the State of Tennessee. Under the guidelines, the presumptively correct amount of child support is calculated based on a percentage of the obligor spouse's net income. Tenn. Comp. R. & Regs. 1240-2-4-.03 (1994). The percentage for one child is twenty-one percent of the net income. Tenn. Comp. R. & Regs. 1240-2-4-.03(5). The guidelines further provide:

> If an obligor is willfully and voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, as evidenced by educational level and/or previous work experience.

Tenn. Comp. R. & Regs. 1240-2-4-.03(3)(d). *See Herrera v. Herrera*, 944 S.W.2d 379, 387 (Tenn. App. 1996).

From a review of the record, we find that the evidence does not preponderate against the finding of the trial court that Father is willfully and voluntarily underemployed. Father failed to prove that he suffers from a physical ailment which prevents him from working at the same capacity as before. Furthermore, there is nothing in the record that shows that Father attempted to secure employment at the same level in the Huntsville area and that he was unable to do such because of his alleged physical ailment. Without such proof, we agree with the trial court that

Father is willfully and voluntarily underemployed.

However, the record does not support nor is there any basis given by the trial court for the imputation of Father's potential income at $25,000.00 per year. Given Father's earning history, his potential income should be based on his yearly earnings from 1996 since this would be a better indicator of his earning capacity.

With regard to Father's contention that the trial court erred in requiring him to be responsible for all health expenses of the minor child not covered by insurance, T.C.A. § 36-5-101(f)(1) (Supp. 1998) provides that the trial court "may order either party to pay all, or each party to pay a pro rata share of, the health care costs not paid by insurance proceeds." While the handling of health insurance for minor children is clearly within the discretion of the trial judge, *Ray v. Ray*, No. 02A01-9404-CV-00078, 1995 WL 353433, at *6 (Tenn. App. June 13, 1995), we find that the trial court abused its discretion in ordering Father responsible for all expenses not covered by insurance. Mother's petition seeks only one-half of such expenses and Father's answer agrees to pay this amount, thus stipulating that each would be equally responsible for expenses not covered by insurance. The record simply does not support the trial court's finding concerning the medical expenses.

Accordingly, the order of the trial court finding that Father is underemployed is affirmed, and that part of the order requiring Father to provide medical insurance is affirmed. The order in all other respects is reversed, and the case is remanded for entry of an order requiring Father to pay one-half of medical costs not covered by insurance and setting monthly child support at 21% of Father's income calculated from his 1996 income of $20,878.79. Costs of the appeal are assessed equally against the parties.

 

                                          _____

                                          **W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**